Good morning, honors. May it please the court, my name is Manuel Dionis, I represent the petitioner, Mr. Song Lin. The issues in this case arise from a consolidated case of the BIA's 2012-2013 2012 Decision Denying Asylum Relief application and the 2013 Decision Denying petitioner's request to reopen his case based on the ineffective assistance of counsel of two prior attorneys. Essentially the BIA narrowed it down in its 2013 decision denying that, you know, was the petitioner's prejudice, was the petitioner prejudiced by prior counsel's performance? And this is again mentioned in 2012. They don't address the issue of credibility and essentially what they're saying is well, was there harm and was there resistance? And we do say that there was harm, there was resistance. Our argument is that but for the prior attorneys, attorney one... Which petitioner are you addressing right now? Excuse me, your honor? There are two petitions before us, correct? One petitioner, two attorneys that represented this one petitioner. No, but before us there are two separate petitions. Correct. Consolidated. Yes, your honor. Just based on the motion to reopen that was denied, this case should have already been remanded by the BIA. They're saying that there was no, you know, the petitioner failed to show prejudice. And what is prejudice? On the motion to reopen. Yes, your honor. And on the motion to reopen, you know, they barely touch on this issue. In our motion to reopen... After the additional corroborating evidence, the declarations and so forth that he submitted, I'm still struggling with the showing of prejudice. What sort of overt resistance did he demonstrate to the population control policies? Yes, and... And to put it differently, why isn't this a case of grudging compliance under he versus the other resistance that had been deemed to rise the level of persecution on account of resistance of population control policies? Right, and he, what the court was saying, you know, there must be some kind of overt act demonstrating resistance, not just a grudging compliance of pay, a fee. And in this case, what we're saying is that there was the... At every stage of while in China, he was the person planning in hiding his wife from the family planning officials. He was a person that planned for his wife to go to a different city to see a private doctor so that that doctor could say that, oh, you know, this gynecological exam that the wife was subject to was done by a private doctor, not by the government officials' doctors. In another situation... So that's essentially attempts to conceal that they're in violation of the policy, but where's the overt resistance? Take me through the evidence that would demonstrate the overt resistance. We're saying that overt doesn't necessarily have to be something that can be seen by the family planning officials. We're saying that he took steps to plan, to resist, to... He made the plans so that his wife could resist the... Was that at any point made known to officials? And yes, and this... And part of the other part is that with having the second child and having the fine, I mean, that's evidence of this resistance to the family planning policies in of itself. And we're asking this court to take a look at everything in total. Wait a minute. I don't know. I want to make sure I understand what we need to resolve. One, so the motion to reopen is based on... It was filed late, correct? Yes, Your Honor, and that was... So he has to show, to get over the time bar, he has to show that it should be equitably told. Yes, Your Honor. Correct? To do that, he argues, I received ineffective assistance of counsel. By the second attorney. So to make that showing, he had to establish the Lozada requirements. Yes, Your Honor. He had to show the standards for ineffectiveness. Yes, Your Honor. Counsel. One of which is he had to show that he was prejudiced. Yes, Your Honor.  Yes, Your Honor. Now, my understanding is in this context, though, the question is, does he have a plausible claim that's worth considering further? Is that right? If I'm understanding your question, Your Honor. Is it a plausible claim of prejudice? Yes, and that's all that we need to show, Your Honor. Right. Your point, as I understand it, and this is the way I try to think about the case, is the evidence you submitted in connection with the motion was intended to show that there's more to this case than the original lawyer really saw. Yes, Your Honor. Is that right? That's exactly what was presented as part of the motion to reopen. The motion to reopen, you're given 90 days. That's not exactly a lot of time to present everything that the alien needs to present. And so that's the whole purpose of asking for the motion to reopen, to let the trial court give him more time to present a full case. So in a regular motion to reopen, you have to make a prima facie showing of entitlement to relief. Is that the same standard as a plausible showing of relief? I believe what we're subject to is the plausible showing. That's not as stringent as prosecution. Yes, Your Honor. Sound pretty similar, don't they, though, when you look at the language that's used in the cases? They do, and from my understanding, in different circuits it's used. How about just the Ninth Circuit? Well, from my understanding, it's plausible. It's a lower standard for our case here. So there's one other factor that he asked to meet that the BIA didn't even address, and I'm not quite sure what we do with it. They didn't address diligence. That's the other for an equitable polling. They have to show diligence. The BIA didn't even touch that. They didn't touch ineffectiveness. Yes, Your Honor. What do we do with that? And it was addressed as part of the motion. And that is something that if this court deems it needs to be addressed, to be remanded to the BIA to address, we believe, though, that it shouldn't have to go to that. We believe that this should have just gone to the immigration court in the first place because it's clear based on just the first attorney's conduct that there was a plethora of facts that were not marshaled from the alien. And I guess, Your Honor, if this court deems it necessary for the BIA to address that, then we'd be more than confident that the BIA would actually. I just want to follow up on Judge Wynn's question now. So the additional affidavits, not affidavits, but declarations and additional evidence that were submitted in connection with the motion to reopen, how do they demonstrate plausibility that he has a plausible claim that he was prejudiced? What do they show? Well, one is that the first attorney failed to marshal these facts from him. And as you said, there's just more to this than what was presented in the motion to reopen. Part of it was that the IJ's determination with regards to the erroneous translation, the petitioner's explanation as to why the floating population had a different date from what was being stated during the trial. So all these were, if he was given a chance, it would have been plausible for him to have prevailed and presented his successful asylum claim at the trial level. Okay. The plausible claim that you have to show is that he has a plausible claim for relief based on other resistance. That's one component, right? Yes, Your Honor. And then the other is a plausible claim of past persecution or well-founded fear of future persecution. Is that different from the first? Different from the first? Yeah, that is resistance, other resistance. Yes, Your Honor. And we're also saying is that part of his motion to reopen was that part of the declaration was he was going to demonstrate that if he was given a chance at back at the trial court, there was fear of future persecution. I believe part of the declarations he stated that his own father suffered was subject to medical operations because of sterilization, because of the family planning policies. So it's both other resistance and the fear of future consequences. Correct, Your Honor. Okay. I'll give you a minute for rebuttal. Thank you. May it please the Court. Your computing. Kosei Igamori for the United States Attorney General in these consolidated petitions for review. The petition for review of the Board's June 2012 decision should be denied because substantial evidence supports the adverse credibility determination. And more importantly, petitioner waives any challenge to the other resistance finding in connection with that Board decision. And furthermore, even if the waiver were overlooked, the evidence does not compel the conclusion of other resistance with respect to the first Board decision. However, with respect to the merits of that issue, the government would like to discuss it in the context of the motion to reopen, that is the Board's June 2013 decision, because the petitioner asserted a more fulsome and more developed claim in his motion to reopen. And because it's the government's position that he cannot prevail even under his more fulsome claim, he necessarily cannot show in the first petition for review that the evidence compels the conclusion in his favor. So if there are no further questions on the adverse credibility finding, the government would like to move on to the other resistance issue of the Board's June 2013 decision. In order to assess other resistance, the Board, in matter of MFW, as well as this Court, in Nian Zhuang v. Holder, and in Ming Shi He v. Holder, has set forth ten principles. One is that a violation of the family planning policy by itself does not compel a conclusion of other resistance. And two, that the resistance must be overt. And in this connection, context is very important. How does the applicant respond to the government's demands to comply with the family planning policy? And how does the government respond to the alien's reactions to those demands? And in this case, we don't have that reasonable basis, or at least a compelling basis for finding other resistance. Petitioner claimed that he violated the family planning policy in 1989 because he married too early. And that he violated the family planning policy again because in 1990, he had an unauthorized child. And in 1991, he was fined 15,000 RMBs. Well, it's important to look at what happened after the imposition of the fines. The petitioner states in his declaration that he assured the family planning officials that he would comply with the family planning policy and staved off paying the 15,000 RMB fine. He also said that his father gave gifts to family planning officials in order to delay payment of the 15,000 RMB fine. In addition, the government accommodated the petitioner in this case by not only allowing the marriage to be registered, but also allowing the unauthorized child to be listed as authorized as evidenced in the floating population certificate. So although there was an early marriage, early birth, both of those elements were either accommodated by the government within the context of the alien trying to show that he would comply with the family planning policy. The next violation of the family planning policy occurs in 1993. There, the petitioner accompanies his wife to remove the IUD and goes to a quarry where he fathers a second child. He returns to his town, and at that point, the government finds out or discovers about the violation of the family planning policy. The government fines him 6,500 RMB, which is less than the first fine, and also harms the wife by sterilizing her. What is important is what happens after that, Your Honor. And here, the petitioner, again, does not show resistance. What he shows is that he is working with the family planning policy. He doesn't resist in the sense of physical resistance. There's no evidence of that. And to the contrary, what he does is he pays the fine, essentially signaling to the government that he's willing to cooperate. So he pays the 6,500 RMB fine in 1993, and then thereafter, nothing happens. Nothing happens even at the point of when he decides to come to the United States. In 2006, he says that, well, he found out that the family planning officials were targeting his father, not him, but his father, and harassing him for payment of the fine. And so he came to the United States. So what we really have here is a series of violations of the family planning policy, the Chinese government's accommodations to petitioner's violations, and the petitioner's compliance with those conditions. So the evidence in this case just would not compel a conclusion of other resistance. And to Your Honor's question about what is the standard that applies in this case, the government would submit that it is prima facie evidence. Are case effects about plausible? Yes. So the government would first off say that it should be viewed under the prism of whether the petitioner submitted a prima facie case for eligibility, but it could also be viewed through the lens of due process, prejudice, and plausible claim. But regardless, petitioner does not satisfy either ground. It doesn't matter how much corroborating evidence he submits. He states in his declaration that he assured the family planning officials that he would comply with the family planning policy. It's undisputed that he paid the 6,500 RMB fine. It's undisputed that he was fined 15,000 RMBs in 1991 and has never been targeted, harassed, detained, or subject to any kind of harm for payment of that fine. He hasn't testified to any onerous economic deprivation that would rise to the level of persecution. In short, he just hasn't alleged a claim of other resistance. And so either plausible grounds or prima facie relief, the board did not abuse its discretion in denying petitioners untimely a motion to reopen in this case. What do you do with the other issues that the board didn't decide if we were to disagree with you? Well, if this court were to disagree with the government, it would be remanded for the board to decide the case as appropriate. The board is not required to make a finding on every issue. It only has to make a finding on an issue that's dispositive of the case. And here a petitioner has not alleged sufficient other resistance to qualify for asylum and withholding and removal. And that's all that the Supreme Court requires, as stated in INS versus Baghamazabad. Well, I guess my question was more – I understand that, but I guess my question was – so it's a motion to reopen. He filed late. The motion was filed late, so he needs to get over the time bar, right, so he has to show equitable tolling. Equitable tolling requires a finding of diligence. The board never addressed diligence. Right, and the board was not required to. But if this court were to disagree with other resistance, the board could – He said that he had a plausible claim. Right, and the government would dispute that. However, if it were remanded, the board would at that time have discretion to decide the case on any grounds that it deems appropriate. So in sum, the board's first decision, the June 2012 decision, should be denied because substantial evidence supports the adverse credibility in that case. Furthermore, Petitioner waives the other resistance prong, which is based on a more bare and less developed claim of other resistance in any case. And that's not bound up in the ineffective assistance of counsel? It should be separate, Your Honor. The adverse credibility finding is dispositive of the June 2012 decision, and that petition could be denied just on that, Your Honor. By addressing other resistance in the motion to reopen, however, that would dispose of both cases because in his first claim, he had a less developed – in the first board decision, he had a less developed claim of other resistance. And in his motion to reopen, he kind of added new facts, and it's the government's position that he still cannot show other resistance. So if he can't show other resistance for the denial of the reopening, he definitely cannot show other resistance for the denial of the appeal, Your Honor. I would state it differently as I understand it, then. His second motion is the reason he failed on the first round is through ineffective assistance of counsel. And the second round is you're saying even if counsel had done all this the first time around, it wouldn't have changed the outcome because it still didn't show other resistance. Right. Okay. Right. The denial of the motion to reopen was based on lack of – his failure to show prejudice, and that goes right to other resistance, Your Honor. And just to clarify some of the salient points as to the difference between the first petition and the second petition, in the first petition, the immigration judge was under the impression that the IUD was not even inserted in the wife. There's no claim of the IUD being removed. There's no claim of – That's part of the ineffective assistance. Yes, as far as evidence that was not submitted. But, again, the Board's decision in the June 2012 decision has to be decided on the record before the Board at the time. I understand that, counsel. I'm just saying, you know, we get past that. We're still looking at whether there's a plausible claim of ineffective assistance, which turns on other resistance evidence that should have been presented the first time around and wasn't. Right. Okay. And the way he's argued the claim in his declaration, the government's position, is that no matter how much corroboration he submits, he cannot show other resistance because what he has actually shown is that he is willing to and has complied with the family planning policy. How do you know he lied to the officials? Well, he never claims that the officials found out about it or that the officials would find out about it. From the Chinese government's perspective, he was actually following the law. So our case law requires that he advertise that he's cheating. Well, this Court's case law requires overt resistance, as does the Board's case law, Your Honor. Overt in terms of actually doing it or communicating it to the government. Well, it must be communicated to the government. Otherwise, it would be impossible for the government to persecute somebody on account of that other resistance. So, yes, the resistance must be overt, as was described in the case. But in this case, they found out and they did it in forcibly sterilizing. Yes, but there is no compelling evidence of other resistance in this case, Your Honor. All right. If there are no further questions, the government will rest on its omissions. Thank you. Thank you. Contrary to the government's position that there was no harm on the part of the petitioner, was that there was severe economic deprivation in this case. He was fined 15,000 RMB. The declaration clearly stated that his wife and his own income yearly was 15,000 RMB. The declarations as part of the motion to reopen state the fact that the cow was being used, the cow for these farmers were being deprived of the use of this cow. And if you take a look at it in terms of how much these people make, this rises to the level of severe economic deprivation. I believe the government completely overlooks the amount of this 15,000 RMB. Going to the government's argument that even if we take a look at the motion to reopen and we are able to show that the petitioner was prejudiced by the ineffective assistance of counsel, and whether or not it rises to the level of being able to show that he would have succeeded in asylum, I believe it should have been remanded in any case because that, as I can't clearly, I have to really impress on this court is that that is the whole point of the motion to reopen based on the ineffective assistance of counsel, is that he'd be given the opportunity to go back to court and more fully present his case. Thank you, Your Honor. Thank you. Thank you, counsel. I appreciate your arguments and matters submitted.
judges: Fisher, Paez, Nguyen